THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) Criminal No. 1:24-cr-034 |
| v. | )<br>) GOVERNMENT'S |
| DAKOTA MICHAEL GRUND, | ) SENTENCING<br>) MEMORANDUM |
| Defendant. | )<br>) |

Comes now the United States of America, by and through the United States Attorney for the Southern District of Iowa and the undersigned Assistant United States Attorney and respectfully submits its Sentencing Memorandum.

The Defendant entered a plea of guilty to Counts 4 and 5 of the Superseding Indictment, Interference with Commerce Through Robbery and Possessing and Brandishing a Firearm in Furtherance of a Crime of Violence. A PSR was filed that calculated a total offense level of 18 as to Count 4 and a criminal history category of III, with an advisory guideline range of 33-41 months to life plus 84 months as to Count 5. (PSR ¶ 168.)

I. **Total offense level**

The base offense level was calculated at 20 pursuant to § 2B3.1(a). (PSR ¶ 30.) The Defendant received a 1-level increase for taking a firearm as part of the offense consistent with § 2B3.1(b)(6). (PSR ¶ 31.) The Defendant received a 3-level decrease pursuant to § 3E1.1(a), (b). (PSR ¶¶ 38, 39.) The Defendant did not file any objections to the PSR. The Government filed objections to the PSR. The Government will

1

withdraw its request for a two-level role adjustment pursuant to § 3B1.1(c) and argue this issue as a § 3553(a) factor.

## II. Objections to the PSR

### A. Victim of the Offense and Relevant Conduct

The Government maintains that paragraphs 23 and 24 of the PSR should include the additional robbery victims. A victim of relevant conduct in review of and reliance of 18 USC §§ 3771, 3553(a); USSG §§ 1B1.3(a)(1)(A), (B) and (3). (See also *United States v. Radtke*, 4155 F.3d 826, 841) (relevant conduct includes all acts and omissions "that were part of the same course of conduct or common scheme or plan as the offense of conviction.")

H.H.'s witness statement should be considered as part of the 3553(a) factors, nature and circumstances of the offense that include the relevant conduct included in paragraphs 41-88 of the PSR. The Defendant's messages to H.H. and the impact his criminal activity had over H.H. is pertinent information at sentencing.

## II. Application of the 18 U.S.C. § 3553(a) factors

The factors the Court must use to determine a reasonable sentence are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed;
>   (A) to reflect the seriousness of the offense, promote respect for the law, and provide just punishment;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and,
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional

>                    treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the sentencing range from the guidelines;
> (5) any pertinent policy statements by the Sentencing Commission;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to victims.

(18 U.S.C. § 3553(a)).

"A sentencing court abuses its discretion 'when it ... fails to consider a relevant factor that should have received significant weight ... [or] gives significant weight to an improper or irrelevant factor.'" *United States v. Berry*, 930 F.3d 997, 1000 (8th Cir. 2019) quoting *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). The Court considers all the relevant factors listed in 18 U.S.C. § 3553(a) and has the authority to vary from the recommended sentence. The Court is not required to do so, however.

The first factor to consider is the nature and circumstances of the offense and history of the Defendant. The Defendant and codefendants were involved in a ruse robbery in which men were drawn to the Harrison Street house expecting a prostitution date and once crossed the threshold of the home, men, including the Defendant brandished and pointed firearms at them and money was demanded. The actions of the Defendant and codefendants were planned, calculated and alarming. The Defendant participated for financial gain. The Defendant was involved with H.H.'s role in the robberies and he and Weaver told her to post for prostitution dates and was involved in threatening her and mother. (PSR ¶¶ 52, 53) The Defendant's

3

personal history and criminal history display the Defendant's threatening and assaultive behaviors.

In review of the Defendant's criminal history, he has an assault with intent to inflict serious injury and theft in 2017. (PSR ¶¶ 92, 93.) The Defendant was convicted of possession of a controlled substance and attempted robbery in 2019. (PSR ¶¶ 95, 96). The robbery charge involved the Defendant using force, fear, or violence. *Id*.

As a child, the Defendant witnessed drug use, drug overdose and sexual activity when in his mother's care. (PSR ¶¶ 110, 111.) The Defendant was sent to out of home placements as a teenager which subjected him to further abuse. (PSR ¶112.) In high school the Defendant was on the football team but removed after stealing. (PSR ¶113.) Shortly thereafter, he dropped out of school and became threatening and violent and starting using drugs during his teenage years. *Id*. The Defendant's reported health history may warrant additional treatment while incarcerated. (PSR ¶¶ 134-136.) The Defendant reported a history of drug use and abuse, and ongoing substance abuse treatment would benefit the Defendant. (PSR ¶¶ 139-144.) The Defendant has a sporadic work history and has not obtained his GED, ongoing education or a trade while incarcerated may also aid in obtaining employment while on supervised release.

The nature and circumstances of the offense and characteristics of the Defendant including his criminal history warrants a term of imprisonment within

4

the guideline range, a sentence that reflects the seriousness of the offense, protects the community, promotes future deterrence and respect for the law.

          Respectfully submitted,

          Richard D. Westphal
          United States Attorney

By:   /s/ *Shelly Sudmann*
      Shelly Sudmann
      Assistant United States Attorney
      2146 27th Street, Suite 400
      Council Bluffs, Iowa 51501
      Tel: 712-256-5009
      Fax: 712-256-5112
      Shelly.sudmann@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2025, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system. I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:

___U.S. Mail ___ Fax ___Hand Delivery

_X_ECF/Electronic filing ___Other means

UNITED STATES ATTORNEY

By: _/s/SCT_
   Paralegal Specialist